**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4073**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL CASTRELLON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:05-cr-00009-2)

Submitted:  November 17, 2006        Decided:  December 5, 2006

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curium opinion.

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Keith Michael Cave, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Castrellon pled guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Castrellon to sixty months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one claim but stating that there are no meritorious grounds for appeal. Castrellon was advised of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

Castrellon's guilty plea was knowingly and voluntarily entered. Further, the record discloses compliance with Fed. R. Crim. P. 11. There was a factual basis for the plea, and Castrellon readily admitted his guilt. We therefore affirm the conviction.

Castrellon's probation officer assigned a base offense level of 26, see U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2004). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. His total offense level was 23, and his criminal history category was II. Ordinarily, his guideline range would have been 51-63 months; however, because of the statutory minimum five-year sentence to which he was subject, see 21 U.S.C. § 841(b)(1)(B) (2000), the guideline range became 60-

63 months.  See USSG § 5G1.1.  There were no objections to the presentence report.

At sentencing, the court considered the advisory guideline range as well as the factors set forth at 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2006).  The court sentenced Castrellon to sixty months in prison.  In the Anders brief, Castrellon contends that the court erred in imposing the statutory minimum sentence.

After United States v. Booker, 543 U.S. 220 (2005), sentencing courts are no longer bound by the guideline range prescribed by the sentencing guidelines.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  Instead, courts must calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  A post-Booker sentence must be "within the statutorily prescribed range and . . . reasonable."  Hughes, 401 F.3d at 546-47 (citations omitted).  "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable."  Green, 436 F.3d at 457 (internal quotation marks and citation omitted).

Castrellon was sentenced to the statutory minimum of sixty months, and the sentence falls within the correctly calculated guideline range of 60-63 months.  Because the district

- 3 -

court appropriately treated the guidelines as advisory and considered the guideline range in conjunction with the § 3553(a) factors in imposing sentence, we conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>